CALOGERO, Justice.*
Lamont Keith Johnson, sixteen years of age at the time that he allegedly participated in the murder of John Doucet on June 3, 1974,[1] was indicted for the crime of first degree murder. He entered, and the district court accepted, a plea of guilty to the non-capital responsive verdict, second degree murder.[2]
The question posed in Johnson’s writ application is whether the district court was divested of jurisdiction over the juvenile when he pled guilty to the non-capital crime of second degree murder.
State ex rel. Moore v. Warden, 308 So.2d 749 (La.1975) is on point and dictates our holding here that the district court was so divested of jurisdiction. In Moore, defendant and two companions were indicted for the November 9, 1973 murder of George Dominick. Defendant was fifteen years of age at the time of the alleged offense. On February 2, 1974, defendant withdrew his former plea of not guilty to second degree murder, a non-capital offense [State v. Washington, 294 So.2d 793 (La.1974)]. In discussing the principle that a district court has no jurisdiction to accept a juvenile’s plea of guilty to second degree murder, this Court stated:
“The uniform jurisprudence of the State since 1921 holds that the jurisdiction of the district courts is limited to the determination of guilt and punishment for capital crimes (and the constitutionally provided for attempted aggravated rape). Although it can be argued that the constitutional deposit of jurisdiction in the district courts of the trial of juveniles in capital cases is the grant of jurisdiction embracing every part of the case, from arraignment to sentence, we decline to make such a departure from established jurisprudence, particularly in view of the policy of the State that juveniles are not to be punished as adults, except as provided by the constitution.” Moore, 308 So.2d at 752.
*404 This policy of special juvenile treatment had its origins in Article 7, Section 52 of the 1921 Constitution.[3] That. constitutional provision vested jurisdiction in the juvenile court in all cases wherein a child was alleged to have violated a law or an ordinance, except for capital crimes and crimes defined by any law defining aggravated rape where committed by a child fifteen years or older.[4] R.S. 13:1570 in effect at the time this crime was committed made this grant of jurisdiction exclusive, thereby according the juvenile a right to special treatment under the law.[5]
In brief, the state concedes the applicability of Moore to the case at bar, but argues that Moore was based upon an erroneous interpretation of legislative intent. By Act 337 of 1975 the legislature amended La.R.S. 13:1570 to provide that “once [a juvenile fifteen years of age or older] has been actually charged with a capital crime . the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of [the] child.” (Emphasis provided.) According to the state, this amendment was meant as a legislative repudiation of the Moore court’s finding that strict construction of La.R.S. 13:1570 had been intended.
In State v. Sheppard, 371 So.2d 1135 (La.1979) we conceded that the goal of the amendment to R.S. 13:1570 by Act 337 of 1975 was to change the rule of State ex rel. Moore v. Warden, supra, and the older jurisdiction upon which Moore was based. And we determined that such change was constitutionally permissible and not in conflict with Article 5, Section 19, Louisiana Constitution of 1974. However, we did not in Sheppard, and cannot here, determine that Act 337 of 1975 is to be given retroactive effect. Therefore we do not reach the issue of whether an attempt to make R.S. 13:1570 retroactive would violate the ex post facto clauses of the United States and Louisiana Constitutions.

Decree

For the foregoing reasons we set aside defendant’s plea and sentence and remand the case to the district court for further proceedings.
PLEA AND SENTENCE SET ASIDE, CASE REMANDED.

 Honorable FREDERICK STEPHEN ELLIS participated in this decision as an Associate Justice Pro Tempore.

. Lamont Johnson and Dalton Prejean allegedly committed an armed robbery by taking a change purse from a taxi driver during the course of which the taxi driver was shot twice in the head and killed by Dalton Prejean.

. He was sentenced to life imprisonment at hard labor without eligibility for probation, parole, or suspension of sentence for twenty years.

. The 1974 Constitution did not take effect until January 1, 1975. The homicide in question occurred on June 3, 1974, at which time all provisions were the same as for the November 9, 1973 homicide dealt with in Moore.

. Article 7, Section 52 of the 1921 Constitution provides in pertinent part:
“The said Courts shall have jurisdiction, except for capital crimes and crimes defined by any law defining attempted aggravated rape if committed by children fifteen years of age or older, of cases of the State of Louisiana in the interest of children under seventeen years of age, as may be provided by the Legislature, brought before said Courts as delinquent or neglected children and of the trial of all persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor. Said Court shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent, or nonsupport of a wife by her husband, and also of the adoption of children under seventeen years of age.” (Emphasis provided.)

.Prior to its amendment in 1975, R.S. 13:1570 provided in pertinent part:
“Except as otherwise provided herein, the [juvenile] court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
“(5) Who violates any law or ordinance, except a child charged with having committed a capital crime or a crime defined by any law defining attempted aggravated rape after having become fifteen years of age. .