James David UNDERWOOD

v.

Frank C. BLACKBURN, et al.

Civ. A. No. 81–488–A.

United States District Court, M.D. Louisiana.

May 17, 1983.

Richard J. Boutall, Metairie, La., for petitioner.

John H. Craft, Asst. Dist. Atty., Orleans Parish, New Orleans, La., for respondents.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

This is a *pro se* petition for habeas corpus brought under 28 U.S.C. § 2254 by a person in the custody of the state of Louisiana pursuant to a conviction by the courts of that state. The United States Magistrate has recommended that the application be denied. Petitioner has filed written objections to the Magistrate's report and recommendation which requires that the court, under 28 U.S.C. § 636(b)(1)(B) make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made. Subsequent to the filing of the Magistrate's report, petitioner retained an attorney who has also filed a written objection.

The issue involved is a plea bargain which petitioner claims was not honored.

Petitioner was arrested and indicted for the offenses of aggravated rape, aggravated crime against nature, and simple kidnapping in Orleans Parish, Louisiana, in 1976.

The charges arose out of an incident in May, 1976, when petitioner, a white man, picked up a black woman with a small child at a bus stop in New Orleans. The record does not disclose what pretense petitioner used to entice the woman into his automobile, but he admittedly drove to an isolated service road off the interstate highway where he forced her to remove her undergarments and sexually molested her. Two passing police officers noticed that petitioner was shouting at the woman and stopped to investigate. Petitioner was apprehended and charged.

All parties to this matter—the prosecutor, the judge, defense counsel, petitioner and petitioner's family—agree that there was a plea bargain in this case; it is the terms of that bargain which are the subject of contention. The problem arises because the terms of the plea bargain were never placed upon the record in state court prior to sentencing. Petitioner entered a plea of guilty to the crime of forcible rape and was sentenced to a term of twenty years imprisonment. Petitioner claims that under the plea bargain, he should not have received more than ten years.

Familiarity with certain Louisiana criminal statutes is necessary for an understanding of the issues. The crime of forcible rape was created by Act 333 of the Louisiana Legislature of 1975 and added to the state's criminal code as Section 43.1 of Title 14 of the Louisiana Revised Statutes. The penalty prescribed was from a minimum sentence of one year in prison to a maximum sentence of twenty years.[1] Louisiana's attempt statute, La.R.S. 14:27, provided in 1976 that the maximum penalty for

---

1. Act 239 of 1978 redrafted the offense, increasing the penalty and re-numbering it as Section 42.1. Clearly under Louisiana law at the time of petitioner's offense, the maximum penalty that could be imposed for forcible rape was twenty years.

an attempt to commit a crime was not more than one-half the penalty for the completed offense. Thus, the maximum penalty for an *attempt* to commit forcible rape in 1976 was one-half of twenty, or ten years imprisonment. However, Louisiana also has, and had in 1976, a multiple offender's statute, La.R.S. 15:529.1, which provided that the maximum penalty for a second offender was not less than one-third nor more than twice the maximum for the offense. Petitioner was a second offender and, in the absence of any plea bargain, the maximum sentence which could be imposed upon him for the offense of forcible rape was forty years (twice twenty). For the crime of *attempted* forcible rape, however, the maximum penalty is reduced to ten years (one-half of twenty), but if enhanced by the multiple offender section, the maximum increases to twenty years (twice ten).

The record shows that counsel for petitioner and the prosecutor struck a tentative bargain that the aggravated rape charge would be reduced to *attempted* forcible rape, but the district attorney objected and would agree to reduce the charge only to forcible rape. Upon request of counsel for petitioner and the prosecutor, the trial judge agreed that if petitioner entered a plea of guilty to forcible rape, the sentence imposed would not exceed that prescribed for *attempted* forcible rape. This bargain, apparently agreed to in chambers, was not spelled out on the record, and it is thus unclear whether the intent was to limit the total penalty to the maximum term for *attempted* forcible rape (ten years) or whether that penalty might also be enhanced to twenty years because of petitioner's second offender status. Petitioner, of course, claims that he understood that the maximum sentence would be ten years.

In 1977 petitioner applied for habeas corpus to the state courts, alleging that under the plea agreement the maximum sentence should have been ten years. A hearing was held on that application on March 14, 1977, at which the sentencing judge presided. At the conclusion of the hearing, the trial judge orally denied the application. This finding was not reduced to formal judgment until July 19, 1979, when petitioner sought review of his claim by the Supreme Court of Louisiana. That court denied relief, *State, ex rel. Underwood v. Blackburn,* 376 So.2d 325 (La.1979); and petitioner, having exhausted state court remedies, now seeks federal habeas corpus.

The writ of habeas corpus is limited in scope and federal courts do not sit to review factual findings made by state courts or to re-try state cases *de novo;* only violations of federal constitutional mandates can justify federal interference with the administration of a state's criminal justice system. *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). It is well-established that an unkept plea bargain provides a valid basis for granting federal habeas relief. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Hayes v. Maggio,* 699 F.2d 198 (5th Cir. 1983).

Accordingly, this court is required to determine whether petitioner's plea of guilty to the crime of forcible rape was induced by a promise that he would not be sentenced to a term of imprisonment greater than ten years.

The Magistrate, in recommending that this application be denied, concluded that the transcript of the 1977 hearing in state court demonstrates that "the petitioner, his attorney, the prosecutor and the trial judge all labored under the misconception that the maximum sentence that could be imposed for attempted forcible rape, at the time of the plea, was twenty years." The Magistrate reasoned that if all the parties were under the impression that the maximum punishment was twenty years, then petitioner knew that he could receive up to twenty years and the error as to what the actual maximum sentence was for attempted forcible rape was of no moment. The Magistrate reasons correctly, but the record does not support his conclusion that all parties were under the impression that the maximum sentence for attempted forcible rape was twenty years.

The Magistrate did not have available a transcript of the actual plea. The court requested the Orleans Parish District Attorney's office to furnish such a transcript, and it was received on May 9, 1983. If that transcript could show that the petitioner was informed that the maximum punishment that could be imposed for *attempted* forcible rape was twenty years, then clearly the Magistrate's conclusions would be correct. That record, however, shows no reference whatsoever to *attempted* forcible rape or the punishment for that offense nor to the existence of any plea bargain.

The transcript of that 1976 hearing shows that the aggravated rape count was formally amended so as to charge forcible rape and that petitioner was advised that the maximum sentence for forcible rape was twenty years. He was also advised that, as a multiple offender, the punishment for forcible rape could be increased under Section 529.1 to forty years. Had the plea bargain been spelled out upon the record at the time the plea was entered, this case would not be in this court—but the plea was taken and recorded as though no plea bargain existed.

At the 1977 hearing, the prosecutor was attempting to establish through the testimony of petitioner's wife that everyone understood that the ten year maximum for *attempted* forcible rape would be enhanced to twenty years under the multiple offender statute when the trial judge (who was also the sentencing judge) interrupted. The transcript reads:

"Q —And, the maximum range of sentences was really seven to forty years, but because of the consideration of the D.A.'s office, Mr. Barnett and the Judge, it had been agreed that he would only receive the maximum sentence for an attempt forcible rape. Now, isn't that what was told to you?

BY THE COURT:

There wasn't any agreement to that at all. I just told him that I would not give him more than the maximum for attempted forcible rape period." (Transcript, page 111)

In his written judgment dated July 19, 1979, the trial judge quotes that portion of the transcript and states, "The maximum for attempted forcible rape at that time was 20 years." Based on this record, I conclude that the trial judge agreed that he would not sentence petitioner to more than the maximum sentence for attempted forcible rape, despite his second offender status and the application of the multiple offender statute. In other words, I conclude that the state judge agreed to limit the sentence to the maximum for attempted forcible rape. The judgment dated July 19, 1979, shows that, at least in 1979, the sentencing judge was under the misconception that the maximum sentence for attempted forcible rape in 1976 was twenty years. As we have shown, it was not; under Louisiana law, the maximum for attempted forcible rape in 1976 was ten years.

The state court thus has made a factual determination that the plea agreement was that petitioner would not be sentenced to more than the maximum sentence for attempted forcible rape and that the multiple offender statute would not be used to enhance that penalty. Under 28 U.S.C. § 2254(d), "A determination after a hearing on the merits of a factual issue, made by a state court . . . evidenced by a written finding . . . shall be presumed to be correct." This court must accord the state court's findings the presumption of correctness and must accept them as correct.

Based upon the findings by the state court, the plea agreement with petitioner was not kept. He was sentenced to a term in excess of that which he was promised. Under these circumstances, this court has no alternative but to grant petitioner's writ of habeas corpus.

The report and recommendation of the United States Magistrate dated September 13, 1982, will be disapproved and petitioner's writ will be granted if, within ninety days of the date of the judgment in this action, the Criminal District Court for the Parish of Orleans, Louisiana, has not re-sentenced petitioner in accordance with the terms of its plea agreement or has not

vacated petitioner's plea of guilty and initiated trial proceedings against him.