Billy Ray SELF, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

No. 84–3273.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1985.

Billy Ray Self, pro se.

Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondents-appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A Louisiana state prisoner, who was sentenced to life imprisonment and has been imprisoned for twelve years on his plea of guilty to a charge of murder, seeks habeas corpus on the grounds that the state court before which he pleaded lacked jurisdiction and that his continued ineligibility for parole after ten and one-half years of imprisonment violates the terms of a plea bargain. He seeks the appointment of counsel to present his appeal. Based on the evidentiary hearing before a magistrate, the judgment of the district court, and the entire record, we find that the two issues involved can readily be resolved as a matter of law, and the interests of justice do not warrant the appointment of counsel. We, therefore, deny the motion to appoint counsel. We also conclude that the attacks on the conviction lack merit and, accordingly, affirm the judgment denying him relief.

Billy Ray Self, who was then sixteen years old, was charged with the murder of a customer at the Hernandez Ice House in Baton Rouge, Louisiana, during a robbery on December 27, 1972. Self, who was represented by counsel, entered a qualified plea of guilty without capital punishment to a charge of first degree murder and was sentenced to life in prison. He did not appeal his conviction.

Self filed two state habeas petitions arguing three grounds for relief. Relief was denied on the first petition in March 1980 and on the second in May 1983.[1] Self has also filed a previous federal petition for § 2254 relief, and he was denied relief upon the recommendation of a magistrate after a full evidentiary hearing in which he was represented by appointed counsel. Self, his mother, and the court-appointed attorney who represented him when he pleaded in state court testified in the federal proceeding. In that previous proceeding, Self raised two issues: (1) that his plea was involuntary because it was based on misrepresentations by both his counsel and the court concerning his eligibility for parole, and (2) ineffective assistance of counsel. Self did not appeal the denial of relief in that proceeding.

---

1. *State ex rel. Self v. Blackburn,* 381 So.2d 1216 (La.1980); *State ex rel. Self v. Maggio,* 433 So.2d 174, *reconsid'n. denied,* 434 So.2d 1107 (La. 1983).

Self now alleges two grounds for relief, only one of which is new: (1) the state court was without jurisdiction under Louisiana law to accept a plea of guilty without capital punishment from a juvenile, and (2) his plea was involuntary because it was based on a plea agreement that was breached. Here, as in his previous federal petition, Self contends that both the state and his lawyer misled him about the consequences of pleading guilty, representing that he would become eligible for parole after ten years and six months. He contends that the facts that he is still in custody after twelve years and has not even been considered for parole demonstrate the breach of his plea agreement. Self acknowledges that this issue has already been heard on the merits, but argues that this court's intervening decision in *Hayes v. Maggio* [2] warrants its reconsideration. He seeks the appointment of counsel to assist him in presenting his appeal because of the novelty of the state-law-jurisdiction issue.

## I.

Both the Louisiana Constitution of 1921 (in force at the time of Self's guilty plea hearing) and the state jurisdictional statute grant jurisdiction over juveniles to juvenile courts, "except for capital crimes and ... attempted aggravated rape if committed by children fifteen years of age or older." [3] These capital and aggravated rape cases must be tried by state district courts.[4] Self argues that the line of cases culminating with *State ex rel. Moore v. Warden* [5] stands for the proposition that the district court has jurisdiction only over the *trials* of juveniles charged with capital offenses and not over the acceptance of their pleas of guilty without capital punishment.

*Moore* was the controlling Louisiana case when Self entered his plea, but it did not hold that state district courts lacked jurisdiction to accept qualified guilty pleas from juveniles in capital cases. In *Moore* and in all of the cases following or citing that decision, the factual context has been the same: the juvenile defendant has either pleaded to or been convicted of a lesser offense than first degree murder.[6] Either the acceptance of a guilty plea to a lesser non-capital offense or the rendition of a verdict of guilty of the lesser offense exceeded the district court's jurisdiction because juvenile courts had exclusive jurisdiction over these offenses under the Louisiana constitution and jurisdiction statutes.

■ Self, however, did not plead guilty to a lesser offense. He pleaded guilty to the offense of first degree murder, which remained a "capital offense" for purposes of district court jurisdiction even though the death penalty was unavailable under *Furman v. Georgia.*[7] Since *Moore* is not applicable to this situation, we rely upon the clear language of the Louisiana constitution and statute: the state district court had jurisdiction over a capital case involving a juvenile over fifteen years of age even though the verdict was entered on a guilty plea and the sentence was not death.

The Louisiana legislature effectively overruled *Moore* in 1975 by amending the statute to state that the state district court

---

**2.** 699 F.2d 198 (5th Cir.1983).

**3.** La. Const. of 1921 art. 7, § 52. *See* L.S.A.–R.S. 13:1570(A)(5). The result is the same under the Louisiana Constitution of 1974, art. 5, § 19, and the amended version of R.S. 13:1570(A)(5), with the addition that second degree murder and manslaughter cases involving children of fifteen years now go to state district courts.

**4.** *See State ex rel. Coco,* 363 So.2d 207, 209 (La.1978) (construing the jurisdictional provisions).

**5.** 308 So.2d 749 (La.1975).

**6.** *E.g., State ex rel. Davis v. Criminal Dist. Court,* 368 So.2d 1092 (La.1979) (juvenile charged with first degree murder, tried for second degree murder); *State ex rel. Johnson v. Blackburn,* 384 So.2d 402, 404 (La.1980) (juvenile charged with first degree murder, pleaded guilty to second degree murder); *State v. Sheppard,* 371 So.2d 1135 (La.1979) (juvenile charged with second degree murder, indicted for first degree murder, and convicted of manslaughter).

**7.** 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *State v. Burge,* 362 So.2d 1371, 1375 (La.1978); *see State v. Whatley,* 320 So.2d 123, 125 (La.1975).

retains jurisdiction over a juvenile charged with a capital crime even if the defendant pleads to a lesser offense or the jury returns a verdict for a lesser offense.[8] The amended statute, the full text of which is set forth in the footnote, clearly so provides.[9]

The legislature obviously thought *Moore*'s holding (depriving district courts of jurisdiction) to be limited to cases in which the juvenile has either pleaded to or been convicted of a lesser included offense. The amendment, intended to overrule *Moore*, is limited to such cases, and preserves the district court's jurisdiction when the juvenile pleads to or is convicted of a lesser included offense. The legislature understood that, both before and after *Moore*, the district court had jurisdiction to accept a juvenile's plea of guilty to a capital crime. The federal district court therefore correctly concluded that the state district court had jurisdiction to receive Self's plea of guilty to first degree murder.

If represented by counsel, Self might also have urged that the state district court improperly accepted a guilty plea on a capital charge because a Louisiana statute prohibits the acceptance of a guilty plea in a capital case. *See* La.Code Crim.Pro.Ann.

art. 557 (West), as amended by Acts 1973, No. 134, § 1. However, whether the district court improperly accepted the plea is a state-law question that bears neither on the court's jurisdiction over the case nor on the voluntariness of the plea. It is therefore not an adequate basis for federal collateral attack on the conviction.[10]

## II.

■ Self contends that both his counsel and the state advised him that he would be eligible for parole after ten years and six months of incarceration. He argues that this was a term of a "plea bargain" between the prosecution and defense, and that his continued ineligibility for parole nearly twelve years after his initial incarceration constitutes a violation of the agreement, entitling him to habeas relief.[11] The state argues both that Self has not shown that his plea was involuntary under the *Hayes* test and that the claim has already been rejected in his prior habeas corpus hearing.[12]

In *Hayes*, this court concluded that the state's failure to live up to a plea bargain, one term of which was the defendant's eligibility for parole after ten years and six

8. L.S.A.–R.S. 13:1570(A)(5) (West), as amended by Acts 1975, No. 337, § 1. The Louisiana Supreme Court in *State v. Sheppard*, 371 So.2d 1135, 1138 (La.1979), concluded that the amendment to the jurisdictional statute was intended to overrule *Moore*. *See also In Interest of Caldwell*, 386 So.2d 917, 918 (La.1980); *State ex rel. Johnson v. Blackburn*, 384 So.2d 402, 404 (La. 1980); *State v. Walgamotte*, 415 So.2d 205, 207 n. 4 (La.), *cert. denied*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *State v. Lacour*, 398 So.2d 1129 (La.1981).

9. L.S.A.–R.S. 13:1570 reads in part:

Except as otherwise provided herein, the [juvenile] court shall have exclusive original jurisdiction in proceedings:

A. Concerning any child whose domicile is within the parish or who is found within the Parish:

\* \* \* \* \* \*

(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age or older is charged with having committed first degree murder, second degree murder, manslaughter, aggravated rape, or a

person who, after becoming sixteen years of age or older, is charged with having committed armed robbery, aggravated burglary, or aggravated kidnapping. Once such a child has been charged with having committed any offense listed in this Paragraph, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense, and a plea to, or conviction of, a lesser included offense shall not revest the court exercising juvenile jurisdiction of such a child.

10. *See Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983). A Louisiana statute now in effect provides "a court shall not receive an unqualified plea of guilty in a capital case."

11. *See Hayes v. Maggio*, 699 F.2d 198 (5th Cir. 1983); *Underwood v. Blackburn*, 563 F.Supp. 273, 275 (M.D.La.1983).

12. *See* Federal Habeas Corpus Rule 9(b), following 28 U.S.C. § 2254; *but see* Advisory Committee Note to Rule 9(b) (retroactive change in the law can be grounds for excusing petitioner's failure to assert the ground in a prior petition).

months, rendered Hayes' plea involuntary.[13] That case summarized what must be established before an unkept plea bargain may constitute a basis for habeas relief: the petitioner must prove "(1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise."[14] Hayes met that burden. Self's "understanding," however, that he would serve only ten years and six months of a life sentence, does not constitute a promise or a plea bargain,[15] and hence his continued confinement does not demonstrate that a plea bargain was violated. It, therefore, does not undermine the voluntariness of his guilty plea.

Self testified that he understood that parole required "a good conduct record." He has not established that any plea agreement with the state contained any promise of parole eligibility after a certain number of years. The facts found in the magistrate's report indicate that Self was not told that parole after ten years and six months was automatic. Self's attorney testified that he informed Self that a good record and approval by the parole board were necessary preconditions to parole. Self's lawyer did tell him that parole would be "probable" in ten years and six months, given the treatment of similar cases. The lawyer testified that he told Self that he and the prosecutor "foresaw" parole in ten and one-half years as "a probable duration of sentence." The prosecutor was present during some of the conversations leading to the guilty plea and it may be inferred that he led Self to believe that his lawyer's forecast was accurate. But the lawyer's prediction was not a guarantee of parole

eligibility.[16] There is no evidence of a promise of parole by the state. The forecast was accurate based on the situation at the time it was made. That conditions have now changed does not make the plea involuntary for there was no factual misrepresentation.

■ Self also argues that, although the death penalty had been declared unconstitutional in *Furman v. Georgia*,[17] his attorney advised him that a finding of guilt by a jury following a trial on the merits would subject him to the death penalty. We do not consider this argument because it is raised for the first time on appeal, and issues so raised are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice.[18]

### III.

■ This court appoints counsel to represent a person seeking habeas corpus relief when "the interests of justice so require and such person is financially unable to obtain representation."[19] It is clear what issues may be raised on this appeal. The legal principles governing these issues are settled. Because supplemental briefing by counsel would not assist the court and would be an inefficient use of judicial resources, appointment of counsel would not be in the interest of justice.

For these reasons, the motion to appoint counsel is denied and the judgment is AFFIRMED.

---

13. *Hayes v. Maggio, supra,* 699 F.2d at 203–04.

14. *Hayes v. Maggio,* 699 F.2d at 203, *citing Blackledge v. Allisson,* 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977).

15. *State v. Dunn,* 408 So.2d 1319, 1321 (La. 1982), approved by this court in *Dunn v. Maggio,* 712 F.2d 998, 999–1001 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984).

16. *Dunn, supra,* 408 So.2d at 1321. *See State v. Clark,* 414 So.2d 369, 370 (La.1982) (expectation

of a lesser sentence does not undermine voluntariness of the plea).

17. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

18. *Matter of Johnson,* 724 F.2d 1138, 1140 (5th Cir.1984).

19. Fifth Circuit Plan Under the Criminal Justice Act, § 2; *see also* 18 U.S.C. § 3006A(g).