James McNEIL, Plaintiff-Appellant,

v.

Frank C. BLACKBURN, Warden,
Louisiana State Penitentiary,
Defendant-Appellee.

No. 86–4113
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1986.

James McNeil, pro se.

Thomas R. Willson, Asst. Dist. Atty., Alexandria, La., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Petitioner appeals the district court's denial of his application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons that follow, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

I.

On October 22, 1962, petitioner pled "guilty without capital punishment" in Louisiana state court to aggravated rape. He was sentenced to life imprisonment at hard labor. After exhausting his state remedies, petitioner, on May 18, 1978, filed a petition for a writ of habeas corpus in federal district court. Petitioner's only ground for the granting of the writ presented to the district court was that he was advised by his appointed counsel and by the assistant district attorney in his case that he would only have to serve ten and one-half years of the life sentence that he would receive by pleading guilty. The district court did not order the state to respond to the petition, and the state never filed an answer. On April 30, 1982, the district court denied petitioner's claim for habeas relief. Petitioner claims that he filed his notice of appeal on May 11, 1982. It was received by the district court but was returned to petitioner on May 17, 1982, because it was unsigned. Petitioner claims that he signed the notice of appeal and returned it to the district clerk's office, but it was never received by the district court. On February 28, 1983, petitioner filed a second notice of appeal, a motion for leave to proceed *in forma pauperis*, and an application for a certificate of probable cause.

II.

A.

■ Although neither party has questioned the jurisdiction of this court to hear this appeal, this is a court of limited jurisdiction and this court must, on its own motion, determine if jurisdiction is present. *Thompson v. Betts*, 754 F.2d 1243, 1245

(5th Cir.1985). As noted above, the first notice of appeal filed by petitioner, although timely,[1] was returned to petitioner by the district court because the signature requirements of Federal Rule of Civil Procedure 11 were not met. A signed notice of appeal was not received within the 30 days required by the Federal Rules. *See* Fed.R.App.P. 4(a). "The time limitation for filing notice of appeal is jurisdictional and lack of timely notice mandates dismissal of an appeal." *Robbins v. Maggio,* 750 F.2d 405, 408 (5th Cir.1985). We must decide, therefore, whether petitioner's timely but unsigned notice of appeal satisfies the jurisdictional requirement of Rule 4(a). We hold that it does. As our sister circuit has stated:

> The Federal Rules of Appellate Procedure have no provision for signing pleadings, as is found in Rule 11, Fed.R.Civ.P. There is some doubt as to whether that Rule applies to notices of appeal at all. In any event, it appears clear that the rules do not require a decision that this Court is without jurisdiction to hear this appeal.

*Thiem v. Hertz Corp.,* 732 F.2d 1559, 1563 (11th Cir.1984) (citing 9 J. Moore & B. Ward, *Moore's Federal Practice,* ¶ 203.17, at 3–72 & n. 17 (2d ed. 1983)). Hence, this court has jurisdiction to consider the issues raised in this appeal.

### B.

In his brief to this court, petitioner argues at length that he was denied his right to counsel as guaranteed by the sixth amendment to the United States Constitution. "We do not consider this argument because it is raised for the first time on appeal, and issues so raised are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985). Because petitioner's sixth amendment claims are neither purely legal nor would it be manifestly unjust for this court to decline to consider them on appeal, we address only the issue of the voluntariness of petitioner's guilty plea.

### C.

■ Turning to the issue of the voluntariness of petitioner's guilty plea, we note that although the law in this area is clear, the specific facts of this case are not sufficiently developed to determine whether the petitioner is entitled to habeas relief. It is clear that an unfulfilled state promise obtained in return for a plea of guilty will entitle a prisoner to habeas relief. "[W]hen a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." *Smith v. Blackburn,* 785 F.2d 545, 548 (5th Cir.1986) (quoting *McKenzie v. Wainwright,* 632 F.2d 649, 651 (5th Cir.1980)); *see also Hayes v. Maggio,* 699 F.2d 198, 203 (5th Cir.1983). It is equally clear that a mere understanding on the part of the petitioner that he would serve only ten years and six months is not a promise or a plea bargain that will entitle him to habeas relief. *Smith v. McCotter,* 786 F.2d 697, 701 (5th Cir.1986); *Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985). Furthermore, a petitioner who pleads guilty in reliance on the parole laws in effect at the time of his plea is not entitled to habeas relief because of a change either in those laws or in the manner in which discretion is exercised by state officials charged with administering the parole laws.[2] *Dunn v. Maggio,* 712 F.2d 998, 1001 (5th Cir.1983), *cert. denied,* 465 U.S. 1031, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984); *Garrett v. Maggio,* 685 F.2d 158, 160 (5th Cir.1982), *cert. denied,* 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966

---

1. Although the record does not disclose exactly when petitioner's first notice of appeal was received by the district court, judgment was entered by the district court denying McNeil's section 2254 petition on April 30, 1982, and the district court returned McNeil's notice of appeal on May 17, 1982. Hence, the first notice of appeal must have been filed within the 30 day time limit of Fed.R.App.P. 4(a)(1).

2. For a discussion of the changes in the Louisiana parole laws that relate to the "10–6" policy, see *Smith,* 785 F.2d at 546–47.

(1983). "There is no implied warranty that state law will not change." *Smith v. Blackburn,* 785 F.2d at 548.

■ Petitioner alleged in his petition to the district court that "he was advised by his appointed counsel and by the assistant district attorney that he would only have to serve 10½ years on the life sentence he pled guilty for." The district court denied McNeil habeas relief and dismissed his petition without requiring the state to answer as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.[3] We hold that this was error. A district court may properly dismiss a petition under Rule 4 only if the claims for habeas relief are frivolous, or if it appears from the face of the petition that the petitioner is not entitled to relief. *Flowers v. Blackburn,* 779 F.2d 1115, 1119 n. 5 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 1661, 90 L.Ed.2d 204 (1986); *Williams v. Estelle,* 681 F.2d 946, 948 (5th Cir.1982), *cert. denied,* 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984); *Scott v. Estelle,* 567 F.2d 632, 633 (5th Cir.1978). Petitioner's claim is neither frivolous, nor does it appear from the face of his petition that he is not entitled to relief. On the contrary, petitioner's allegations, if proved, would probably entitle petitioner to habeas relief. *See Smith v. Blackburn,* 785 F.2d at 548–49. On remand, the district court should order the state to file an answer, and if the petitioner's claims cannot be decided on the pleadings and the record, an evidentiary hearing should be ordered.

At the evidentiary hearing on his petition, should one be required, the burden of proof will be on McNeil. *Smith v. McCotter,* 786 F.2d at 701. Furthermore, this burden is a heavy one:

> A petitioner who relies on such an unfulfilled state promise to obtain his release may not rely on conclusory allegations or even his own unsupported testimony. He must prove: 1) the exact terms of the alleged promise; 2) exactly when, where, and by whom such a promise was made; and 3) the precise identity of an eyewitness to the promise.

*Smith v. Blackburn,* 785 F.2d at 548; *see also Smith v. McCotter,* 786 F.2d at 701; *Self,* 751 F.2d at 793; *Hayes,* 699 F.2d at 198. Given that the relevant events in this case occurred in 1962, this evidentiary burden may well be insurmountable. However, we hold that petitioner has alleged sufficient grounds in his petition to preclude dismissal of his petition without at least requiring a response from the state.

### III.

For these reasons, the judgment of the district court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

---

3. Rule 4 provides:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.