United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-40313
Summary Calendar

LARRY W. ALFRED,

      Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; EUGENE HARBIN, Warden;
CHARLES ADAMS, Director of Health Services,

      Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-172

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Larry W. Alfred, Texas prisoner # 644376, appeals the grant of

summary judgment in favor of the defendants on his Eighth Amendment

claims.  For the reasons stated below, we AFFIRM.

    Alfred filed a complaint in district court under 42 U.S.C. §

1983 alleging that prison officials had violated his civil rights.

Specifically, he contended that Eugene Harbin, the former Assistant

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Warden of the Stiles Unit prison facility, and Dr. Charles Adams, the Director of Health Services, were deliberately indifferent to his medical condition and that he suffered further injuries as a result. He claims that, although he informed Harbin that his knee was injured and that he had difficulty reaching his third-floor prison cell, Harbin refused to move him to a first-floor unit. He also claims that Adams refused to allow him to see a medical specialist for a spinal injury, even though Alfred's doctor provided a referral.

The district court rejected Alfred's argument and granted summary judgment for the defendant-appellees. We review the district court's grant of a motion for summary judgment de novo, applying the same legal standard as the district court.[1]

Alfred first argues that the district court erred in granting summary judgment because Harbin had the power and responsibility to move prisoners from cell to cell but refused to move Alfred to a first floor cell. To prevail on a claim of deliberate indifference, Alfred must prove both that Harbin knew of and disregarded an excessive risk to Alfred's health or safety;[2] mere negligence or neglect do not constitute deliberate indifference.[3] Although Alfred has made conclusory allegations that Harbin acted

---

[1]*Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995).

[2]*See Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

[3]*Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1997).

2

with deliberate indifference, he has failed to show either that Harbin was aware of a substantial risk of harm to Alfred or that Harbin disregarded that risk.

Alfred next argues that Adams deliberately disregarded the risk to his health by blocking a referral to a specialist even though the prison medical staff was incapable of treating Alfred's injured back. As with his claims against Harbin, Alfred has failed to demonstrate that Adams acted with deliberate indifference. Alfred's medical records reveal that he received extensive treatment for his knee and back injuries. At most, the record reveals that his treatments were unsuccessful, and his allegations of deliberate indifference manifest only a disagreement with the medical treatment he received. A prisoner's disagreement with prison officials regarding medical treatment, however, does not give rise to a claim of deliberate indifference.[4]

Finally, Alfred argues that his constitutional rights were violated because prison officials filed his complaint in federal court rather than state court, as he requested. Alfred did not present this argument to the district court, however, and we decline to address it now.[5]

---

[4]*See Varnado v. Lynaugh*, 920 F.3d 320, 321 (5th Cir. 1991).

[5]*United States v. Garcia-Pillado*, 898 F.2d 36, 39 (5th Cir. 1990) ("[I]ssues raised for the first time on appeal 'are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice.'" (*quoting Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985)).

The judgement of the district court is AFFIRMED.  Alfred's request for appointment of counsel is DENIED.