United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

04-21012
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BENJAMIN ARREAGA PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
4:02-CR-572-14 / 4:04-CV-1402

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Benjamin Arreaga Perez pleaded guilty to one count of possession with intent to distribute 500 grams or more of cocaine. He was sentenced to a prison term of 64 months. He filed a pro se motion for modification of his sentence under 18 U.S.C. § 3582(c)(2), arguing that his defense attorney induced his guilty plea by promising him a sentence of no

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

more than 24 months.  The court denied that motion for lack of jurisdiction.  Perez then filed a timely § 2255 motion to vacate his sentence based on several claims of ineffective assistance.  He also requested an evidentiary hearing.  The court denied the request for a hearing, denied the motion, and denied Perez's subsequent request for a Certificate of Appealability (COA).  We then granted the COA as to Perez's claims that his plea was invalid and that he was entitled to an evidentiary hearing in the district court.  *United States v. Perez*, No. 04-21012 (5th Cir. Jan. 9, 2006) (unpublished order).  We now find that Perez is entitled to an evidentiary hearing and REMAND his case to the district court.

## I. FACTS AND STANDARD OF REVIEW

Benjamin Arreaga  Perez wished to plead guilty to one count of possession with intent to distribute cocaine.  At his arraignment, when the court asked him if anyone had made any promises to him to persuade him to plead guilty, he said "yes."  The court hesitated, and then repeated the question, at which time Perez changed his answer to "no."  The court accepted his plea and sentenced him to 64 months of imprisonment.  Perez eventually filed a timely § 2255 motion in which he contended that his lawyer, Kenneth Smith, induced him to plead guilty by promising that he would receive a sentence of 24 months.  He requested an evidentiary hearing on the motion.

To support his contention that Smith made him such a promise,

he submitted a declaration under penalty of perjury and two sworn, notarized affidavits, one each from his wife and his wife's sister-in-law. In his own declaration, Perez states that Smith repeatedly told him his sentence would be 24 months, and that Smith told him to deny in court that anyone had promised him anything in return for his guilty plea. Perez's wife, Juana Perez, states in her affidavit that she personally visited with Smith about ten times in his office, and that during those conversations Smith repeatedly assured her that her husband would receive a sentence of 24 months. He added that the sentence would include one year in jail, followed by one year of probation. Irene Rodriguez, the sister-in-law of Ms. Perez, states in her affidavit that she was in the courtroom for sentencing, and that she witnessed Mr. Smith tell another attorney that Perez would surely receive a sentence of 24 months.[1]

The district court dismissed Perez's § 2255 motion without an evidentiary hearing and without receiving any evidence from Smith. The court did so on the grounds that Perez's affidavit failed to provide the identity of an eyewitness to the promise of a 24-month sentence, as required by our precedent. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)). Perez appealed both

---

[1]Both affiants make several other allegations about misrepresentations by Smith that are not relevant to the narrow question before us today. They may prove relevant on remand, in which case the district court should consider them, but we need not enumerate them all here.

the dismissal of his § 2255 motion and the denial of his request for a hearing.[2]

For the reasons that follow, we find it necessary to consider only the denial of an evidentiary hearing.  Partly because no such hearing was held, there is not enough evidence in the record for us to consider the merits of Perez's ineffective assistance claim.  We review the district court's denial of the hearing for abuse of discretion.  *Id.* (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam)).

## II. THE DENIAL OF AN EVIDENTIARY HEARING

It is settled law that "a guilty plea may be invalid if induced by defense counsel's unkept promises."  *Id.* (citation omitted).  To obtain relief on an ineffective assistance theory, Perez ultimately must demonstrate that Smith's performance was deficient and that there is a reasonable probability that, but for Smith's deficient performance, he would not have entered a guilty plea and would have insisted on a trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We are not now deciding the merits of the ineffective assistance claim, however, but rather the preliminary question of whether Perez was entitled to an evidentiary hearing on the matter.

---

[2]Perez also argues on appeal that the government's reply brief should be stricken as untimely.  However, the government obtained an extension for filing its brief and successfully satisfied that deadline.

When the district judge asked Perez at sentencing if anyone had made him promises to induce his plea, he first said "yes," but then changed his answer to "no." While this equivocation may prove significant on remand, at this point the latter answer constitutes testimony under oath, and "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110 (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). "Nevertheless, a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations [he] made in open court when entering [his] guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Id.* (citation omitted). "If the defendant produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [he] is entitled to an evidentiary hearing on the issue." *Id.* (citation omitted).

On the record before us, we believe Perez did present sufficient indicia of the likely merit of his allegations to warrant an evidentiary hearing, and that it was an abuse of

discretion for the district court to deny that request. The district court apparently discounted the affidavits that Perez offered on the grounds that they failed to establish an eyewitness to the promise of a 24-month sentence. However, the eyewitness requirement is somewhat flexible. In *Hayes v. Maggio*, 699 F.2d 198, 202 (5th Cir. 1983), the defendant relied on a witness who testified that on the day of trial, he witnessed the district attorney make a promise to the client's defense attorney. Although there was no testimony that the witness saw any promise made directly to the defendant, we held that the witness's testimony satisfied the *Blackledge* requirements. *Id.* at 202–04. Similarly, in this case, neither affiant claims to have witnessed a promise between Smith and Perez, but both claim to have seen Smith state unequivocally that he was going to get his client a sentence of 24 months. Juana Perez states that this promise was made directly to her, while Irene Rodriguez affirms that she witnessed Smith say the same thing to another attorney in the courtroom. Both witnesses were able to identify the time and place of these promises with adequate specificity.

In ruling that the affidavits, even if true, could not satisfy the *Blackledge* requirements, the district court plainly misapplied our precedent. Perez was entitled to an evidentiary hearing at which he could try to demonstrate the validity of his own declaration and the two affidavits. Of course, the government is

6

entitled to present its evidence to the contrary.[3]  It was an abuse of discretion for the district court to rule otherwise.

<u>III. CONCLUSION</u>

The case is REMANDED to the district court with instructions to conduct an evidentiary hearing on Perez's § 2255 claim in a manner consistent with this opinion.  We pass no judgment on the weight of the evidence put forth by Perez or the government at this time, except to say that there is a factual dispute sufficient to warrant a hearing.

---

[3]We need not consider the substance of the government's evidence at this time, as that is best left for the district court in the first instance.  However, we must note that the government spends much of its brief arguing that the affidavits of Juana Perez and Irene Rodriguez are "deficient" because they are unsworn.  We are at a complete loss to understand the government's point on this issue.  Juana Perez's affidavit begins: "I[,] Juana Marisela Perez, sworn [sic] under oath that the following is true and correct to the best of my knowledge."  Irene Rodriguez's affidavit begins similarly:  "I, Irene Rodriguez, solemnly swear[,] depose and says [sic] that I am the sister-in-law of Benjamin Arreaga Perez's wife, and make this affidavit under personal acknowledge [sic] in support of my Sister-in-law husband's [sic] motion for reduction of sentence."  Both affidavits are signed and notarized.

Despite our best efforts, we can think of no reason why counsel for the government would characterize these affidavits as unsworn.  They seem plainly sufficient to us, and we are troubled that the government would make such a serious allegation, and at some length, without providing more support for it.  Perhaps the government has noticed some flaw that escapes us, but if so it has failed to articulate it clearly.  Perhaps the argument was included in the brief by mistake.  Whatever the reason, counsel for the government is admonished to take more care when making such assertions.

7