**Hugh McCoy KELLEY,**
**Petitioner-Appellant,**

v.

**STATE OF ALABAMA,**
**Respondent-Appellee.**

**No. 80–7382**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 13, 1981.

---

Al Pennington, Mobile, Ala. (Court-appointed), for petitioner-appellant.

Charlie Graddick, Atty. Gen., J. Anthony McLain, James F. Hampton, Sp. Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before TJOFLAT, VANCE, and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The district court denied appellant's petition for writ of habeas corpus, and this appeal followed. Two errors are claimed. Appellant urges that the district court should have allowed him to present evidence to determine whether there was sufficient evidence to permit the initial trial court to have reasonably found appellant guilty beyond a reasonable doubt, notwithstanding appellant's entry of a plea of guilty in lieu of trial in the initial instance. The second claimed error is that appellant had ineffective assistance of counsel at the time he pled guilty. We find no error and affirm.

Appellant asks us to apply *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to this plea of guilty case. In *Jackson* the Supreme Court held that the United States District Court in a habeas corpus proceeding should review the testimony upon which the petitioner had been convicted in state court to determine whether there was a lack of sufficient evidence for a reasonable fact-finder to conclude beyond a reasonable doubt the guilt of the accused. The petitioner in this case would ask us to apply that doctrine to all plea of guilty cases, which we refuse to do. Such a ruling obviously would permit every person who pleads guilty to seek at a later date a trial of his case for the first time in the federal court system. That such is unworkable is illustrated by the facts of this

case. Petitioner pled guilty in state court to committing two criminal offenses, the plea of guilty hearing taking place on June 12, 1974. His habeas corpus proceeding in the U. S. District Court was on January 15, 1980. A defendant who pleads guilty cannot six years later seek a trial of his case absent some infirmity in the entry of the plea. If there is some infirmity, a trial must be had in the state court. No authority supports petitioner's position, and we find it meritless.

Petitioner urges that the attorney representing him in 1974 rendered ineffective assistance and that the plea of guilty should be set aside. We have reviewed the testimony of the petitioner and of his attorney and have reviewed the plea of guilty proceeding which took place on June 12, 1974, and we find no basis for holding that the district court erred in finding that petitioner has no plausible or reasonable basis for urging such a contention. At the time of the entry of the plea of guilty petitioner was 43 years of age, he had finished the 10th grade, and he told the court that he understood the proceedings, had discussed the case at length with his counsel, and that he was satisfied with the services of his counsel. Kelley answered all of the other questions propounded to him by the state court judge in an intelligent and forthright manner. He now says he was confused and did not understand what was transpiring. We do not find petitioner's evidence worthy of belief on this point, nor the lower court's findings of fact clearly erroneous.

Additionally, petitioner claims that his counsel rendered ineffective assistance because his fees were being paid by petitioner's aunt. He demonstrates that his aunt told the attorney that she wanted him sent to the penitentiary so that someone would be able to help him. There is no showing that counsel for petitioner was not exercising his independent judgment in representing his client, the petitioner, nor is there any showing that counsel was in any way influenced by petitioner's aunt with respect to his efforts in defending petitioner.

Finding no errors in the judgment of the district court, it is AFFIRMED.