Jimmy F. SMITH, Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 85–1321

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 7, 1986.

---

[redacted]

[redacted]

Jimmy F. Smith, pro se.

Jim Mattox, Atty. Gen., William Zapalac, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

[redacted]

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Jimmy F. Smith appeals *pro se* the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his November 1980 Texas conviction for aggravated robbery, for which he received a twenty year sentence. Smith had originally pleaded not guilty but changed his plea during jury deliberations. Smith appeals the district court's denial of relief, claiming (1) that his guilty plea was unknowing and involuntary because he was not informed that he was ineligible for probation when his guilty plea form intimated that probation was possible, (2) that his indictment was defective because it failed to allege "control" of stolen property, (3) that he failed to receive a copy of his indictment as required by Texas law, (4) that there was insufficient evidence to support his guilty plea, and (5) that he received ineffective assistance of counsel. Smith also alleges that Texas law should be used in deciding the validity of his habeas petition because he was excused from the exhaustion of state remedies requirement for federal habeas relief due to the delay in the Texas courts in hearing his state habeas claim. We affirm the district court's denial of habeas corpus.

**Facts and Proceedings Below**

Smith was indicted for the felony of aggravated robbery in which a man was shot. On November 20, 1980, after initially pleading not guilty, Smith changed his plea during jury deliberations. He was subsequently assessed a twenty year sentence to be served in the Texas Department of Corrections. The record indicates that Smith signed a "Defendant's Plea of Guilty, Waiver, Stipulation, and Judicial Confession," in which he confessed to the crime in the indictment and simultaneously acknowledged and waived various rights attendant to a guilty plea.

Smith did not directly appeal his conviction, but he did file two state habeas corpus writs. The first writ was denied by the Texas Court of Criminal Appeals on October 21, 1981, following Smith's request to withdraw it. The second writ was filed in August 1983. This writ was dismissed by the Texas Court of Criminal Appeals on September 25, 1985, because of the pendency of the present federal habeas action.

In March 1984, after the second writ was filed but before it was dismissed, Smith filed an application for writ of habeas corpus in the federal district court. The state moved to dismiss this writ for lack of exhaustion of state remedies, which Smith opposed because of what he felt was an inordinate delay by the state courts in hearing his state habeas claims. Stating that it did not wish to waive the exhaustion requirements, the state nevertheless filed a motion to dismiss and answer in which it excused Smith from the exhaustion requirements. The United States Magistrate recommended that Smith's writ be denied on the merits, and the district court adopted this recommendation and entered judgment thereon. Smith filed this appeal.

**Discussion**

*Applicable Law*

[redacted] Smith first contends that when the state law exhaustion requirement of 28

U.S.C. § 2254[1] is excused because a state court delays ruling on a prisoner's claims, the federal habeas court is required to hear and decide these claims according to state law. While we agree that the exhaustion requirement can be excused by an unreasonable delay in ruling on a petitioner's claims, *see, e.g., Shelton v. Heard,* 696 F.2d 1127, 1128 (5th Cir.1983); *Breazeale v. Bradley,* 582 F.2d 5, 8 (5th Cir.1978); *Galtieri v. Wainwright,* 582 F.2d 348, 354 (5th Cir.1978) (en banc), we do not agree that such a failing by the state court changes the focus of the federal court's review of habeas claims.

Section 2254(a) defines the scope of review for federal habeas claims:

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.*" (emphasis added).

We have followed this mandate and have held that "[f]ederal review of state convictions is confined to the narrow standards of due process." *Trussell v. Estelle,* 699 F.2d 256, 259 (5th Cir.), *cert. denied,* 464 U.S. 853, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983). We further stated in *Trussell* that "[t]he Constitution does not guarantee every state defendant an error-free trial and before a federal court may overturn a state conviction, it must find an error that amounts to a, 'failure to observe that fundamental fairness essential to the very concept of justice.'" *Id.* (quoting *Lisenba v. California,* 314 U.S. 219, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941)); *see Banzavechia v. Wainwright,* 658 F.2d 337, 340 (5th Cir.1981) (error must be "fundamentally unfair" so as to violate due process before habeas is awardable); *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir.1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved).

■ The purpose of section 2254 is clear—to require state convictions to meet federal constitutional requirements applicable to the states. This purpose does not change when a petitioner is excused from meeting the exhaustion requirement rather than actually exhausting all state remedies. Such a result is prohibited by section 2254(a). We do not sit as a "super" state supreme court. *See Billiot v. Maggio,* 694 F.2d 98–100 (5th Cir.1982) (citing *Martin v. Wainwright,* 428 F.2d 356, 357 (5th Cir.), *cert. denied,* 400 U.S. 918, 91 S.Ct. 179, 27 L.Ed.2d 157 (1970)). Consequently, we decide the following issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the Texas Court of Criminal Appeals.

*Specific Habeas Claims*

■ *1. Guilty Plea.* Smith's principal assertion for invalidating his guilty plea is that the guilty plea form misled him into believing that he would be considered for probation when in fact probation was not available for aggravated robbery.[2] Since

---

1. Section 2254(b) provides in relevant part:
 "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."

2. The "Defendant's Plea of Guilty, Waiver, Stipulation & Judicial Confession" that Smith signed when he pleaded guilty provided in pertinent part:
 "I do further admit and judicially confess that I knowingly, intentionally and unlawfully committed the acts alleged in the indictment in this cause at the time and place and in the manner alleged, and that I am in fact GUILTY of the offense of Aggravated Robbery and that I enter my plea of Guilty to said offense, and that my plea of GUILTY is voluntary and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon; and that I request the Court to consider probating any sentence imposed; and on the issue of punishment agree that the presentence investigation report of the Adult Probation Office may be considered by the court."
 This document was a preprinted form, with blanks to be filled in as appropriate to the particular case. All the above quoted language—except "Aggravated Robbery"—was preprinted.

the guilty plea form contained language about probation ("I request the Court to consider probating any sentence imposed"), Smith contends that it became the duty of his counsel or the court to specifically alert him that Texas law did not permit probation to be imposed for aggravated robbery. Smith thus concludes that his plea was not knowing and voluntary, the two requisites for a constitutionally valid guilty plea. We reject this argument.

■ As Smith contends, it is true that a guilty plea must be both a knowing and a voluntary act. *See Bradbury v. Wainwright,* 658 F.2d 1083, 1086 (5th Cir.1981), *cert. denied,* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). An accused's mere "understanding" that he will have to serve a lesser sentence, however, will not invalidate a guilty plea. *See Self v. Blackburn,* 751 F.2d 789, 792–93 (5th Cir.1985); *Bradbury,* 658 F.2d at 1087. In situations were an *actual promise* has been made to a petitioner, rather than there being merely an "understanding" on his part, federal habeas relief is awardable if the petitioner "prove[s] '(1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.'" *Self,* 751 F.2d at 793 (quoting *Hayes v. Maggio,* 699 F.2d 198, 203 (5th Cir.1983)). This is not the case here.

Smith has not alleged that he decided to plead guilty only after he read the guilty plea form. Presumably, the form was presented to him to sign only after he had determined to change his plea during jury deliberations. Smith does not contend that he asked his attorney to seek probation, that his attorney discussed probation with him, or that he was ever offered probation as a part of the bargain. Smith did not claim in his first state writ filed nine months after he was convicted that he should have gotten or was entitled to receive probation. Indeed, Smith does not even now claim that he ever thought he *would,* or would likely, receive probation. In his answer to the state's motion to dis-

miss below, Smith urged that "Petitioner [Smith] *did not* allege [in his federal habeas] that he expected to receive a probated sentence." (emphasis Smith's). Not only did Smith not allege any such expectation, he has not alleged that he bargained for being considered for probation. He has never alleged that he ever mentioned probation to his counsel, the prosecutor, or the judge, or that any of them ever mentioned it to him. He does not even expressly claim that he would not have pleaded guilty had he not believed he could be considered for probation. Any such conclusion would indeed be incredible given the seriousness of the offense (a robbery during which he shot a person), the fact that the plea was made after the case was submitted to the jury, the lack of any claimed expectation of receiving probation and the absence of any discussion of probation. Since Smith knew the maximum sentence he could receive, does not claim he expected to receive probation, and did not say anything about probation to anyone at his trial and none there said anything to him about it, we hold that his long belated claim that he harbored a subjective, unexpressed confusion about his eligibility for probation as a result of the printed language in the plea form constitutes an insufficient basis on which to set aside his plea of guilty in the circumstances of this case. *See Hobbs v. Blackburn,* 752 F.2d 1079, 1082 (5th Cir.), *cert. denied,* 106 S.Ct. 117 (1985).

■ *2. Indictment Deficiencies.* Smith next contends that his indictment was fundamentally defective because it failed to allege that Smith sought to "control" the property that was the subject of the robbery. The indictment itself charged Smith "with the intent to obtain property." Our scope of review on this issue is quite narrow, for a sufficiency of the indictment claim is a matter for federal habeas relief only if "'the indictment is so defective that the convicting court had no jurisdiction.'" *See Liner v. Phelps,* 731 F.2d 1201, 1203 (5th Cir.1984) (quoting *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir.1980)). We find that under Texas law the indictment

charging Smith was sufficient to allege "control," *see Morgan v. State,* 650 S.W.2d 920 (Tex.App.—Tyler 1983, pet. ref.), and this adequately confers jurisdiction on the Texas courts for purposes of the above-noted rule stated in *Liner.*[3]

■ Smith also complains that he personally was not physically served with a copy of the indictment as required by Texas law. *See* Tex.Code Crim.Proc.Ann. arts. 25.01, 26.03 (Vernon 1966). The magistrate noted that the state records reflect that the indictment was filed about two months prior to trial. Smith does not deny this. He makes no claim that his attorney did not have access to the indictment, or did not procure or could not have procured a copy of it, or that it was not on file in the papers of the case as a public record open to inspection and copying by all. There is no claim that the indictment was not read in open court. Indeed, Smith makes no claim that he did not know the contents of the indictment or with what he was charged. Although Texas law requires presentation of a certified copy of the indictment to the accused personally, a violation of this statute is a violation of Texas procedural law and not a cognizable violation for federal habeas purposes. *See Stokes v. Procunier,* 744 F.2d 475, 477 (5th Cir.1984). We also find that Smith has waived this claim because a guilty plea intelligently, knowingly, and voluntarily made generally waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding. *See Ellis v. Dyson,* 421 U.S. 426, 95 S.Ct. 1691, 1699, 44 L.Ed.2d 274 (1975); *Tollett*

*v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). We thus conclude that Smith's allegation both fails to present a substantive issue for federal habeas review and is waived by his guilty plea.

■ *3. Corroboration of Guilty Plea.* Smith's next contention is that his conviction is invalid because the prosecution did not present sufficient evidence corroborating his guilt during the guilty plea proceedings as required by Texas law. *See* Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1977); *King v. State,* 687 S.W.2d 762 (Tex. Crim.App.1985). As we have previously noted, a failure to comply with state law requirements presents a federal habeas issue only if it involves federal constitutional issues. *See Baldwin v. Blackburn,* 653 F.2d 942, 948 (5th Cir.1981), *cert. denied,* 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 *reh'g dismissed,* 457 U.S. 1112, 102 S.Ct. 2918, 73 L.Ed.2d 1323 (1982). State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. *Hobbs v. Blackburn,* 752 F.2d at 1082. We have explicitly stated: "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Baker v. Estelle,* 715 F.2d 1031, 1036 (5th Cir.1983), *cert. denied,* 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed. 2d 138 (1984). The *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond

---

**3.** In *Alexander v. McCotter,* 775 F.2d 595 (5th Cir.1986), we held that in a case where the Texas Court of Criminal Appeals, the highest criminal court in Texas, both refused a discretionary review and denied state writ of habeas corpus in which sufficiency of indictment claims were presented, the Court of Criminal Appeals necessarily held that the indictment was sufficient for state court jurisdictional purposes. In *Alexander,* no distinction was drawn between cases in which the state court had expressly ruled upon this issue, *see Murphy v. Beto,* 416 F.2d 98, 100 (5th Cir.1969); *Lowery v. Estelle,* 696 F.2d 333, 337 (5th Cir.1983), and those cases where jurisdiction was clearly infer-

able by the court's failure to dismiss. In the instant case, however, on none of the occasions on which the indictment sufficiency issue was presented to the Texas Court of Criminal Appeals can it be inferred that that court passed on the merits thereof: the first time petitioner withdrew the application, and it was presumably dismissed on that basis, and the second (and last) time the court dismissed because of the pendency of the present federal habeas proceedings. There was no direct appeal of the conviction, and the indictment issue was not raised in the state trial court. Hence, this aspect of *Alexander* is arguably inapplicable, and so we do not rely on it.

a reasonable doubt is inapplicable to convictions based on a guilty plea. *See Kelley v. Alabama,* 636 F.2d 1082, 1083–84 (5th Cir. 1981). This claim is not a proper one for federal habeas review.

 *4. Ineffective Assistance of Counsel.* Smith's last allegation is that his counsel's failure to inform him of the im-possibility of getting probation for aggravated armed robbery constituted ineffective assistance of counsel. The Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted a two-part test for these claims. First, the trial counsel's performance must be judged deficient according to an objective standard of reasonableness. *Id.* 104 S.Ct. at 2065. Second, the deficient performance must in fact prejudice the defendant because counsel's error "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 2067.

The Supreme Court recently discussed the interrelationship of ineffective assistance claims and guilty pleas in *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Hill,* the Supreme Court stated that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial." *Id.* 106 S.Ct. at 370. The Court intimated that counsel's actions would be reviewed to see whether a defendant would have gone to trial had his counsel acted properly. *Id.* at 370–71. The Supreme Court found that the petitioner before them was not prejudiced by his counsel's action because:

"Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible

for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted." *Id.* at 371.

We find the instant situation to be analogous to the situation faced by the Supreme Court in *Hill.* Although Smith alleges that the printed probationary language in his guilty plea form misled him as to whether he would be eligible for probation consideration, he does not expressly claim that this language made any difference in his determination of whether he should plead guilty. Moreover, Smith's alleged misunderstanding, like the parole situation noted in *Hill* above, is equally applicable to either going to trial or pleading guilty. Smith does not contend that he was told he would get probation only if he pleaded guilty. As previously noted, he does not claim that he bargained for probation or even for probation consideration; he expressly disclaims asserting any *expectation* of receiving probation; he does not claim that he mentioned probation to his counsel, the judge, or the prosecutor, or that they mentioned it to him. Moreover, it is evident that Smith did not change his plea because of anything on the form—the form was presented only after he changed his mind. Smith does not claim the contrary. Given the nature of the crime itself and the circumstances under which the plea of guilty was entered, it is clear that any failure of Smith's counsel to explain that he was not eligible for probation was not prejudicial. Likewise, these same circumstances demonstrate that such failure on counsel's part did not fall below the level of required professional competence. There was no need to discuss probation because it was obviously not "in the cards" and had never been raised as a possible concern.

Smith also complains of ineffective assistance because he contends that counsel did not object to the state's lack of evidence, to evidence that a .22 caliber pistol

was used in the robbery, or to "control" not being mentioned in the indictment. As discussed earlier, these specific objections do not themselves afford Smith habeas relief, in part because they are deemed waived by Smith's subsequent knowing and voluntary guilty plea. Further, under *Strickland* and *Hill*, Smith has failed to allege the requisite prejudice respecting these asserted omissions of his counsel. He did not allege in his petition that his plea would have been different in any way had his lawyer so objected to these matters. *See id.* at 370–71. Neither has Smith asserted any special circumstances suggesting that such specific objections might have led him not to plead guilty. *Id.* at 371.[4]

### Conclusion

Having rejected each of appellant's contentions, we affirm the judgment of the district court and deny habeas relief.

AFFIRMED.

---

**4.** The Supreme Court in *Hill* did not address the issue of what constitutes a deficient performance by counsel in guilty plea cases. Although we, too, leave open this issue, we note in passing that Smith was advised of the charges against him, and was advised of the consequences of his plea, including the minimum and maximum sentence aggravated robbery might bring and the various rights his plea waived. We doubt that this would fall "'below an objective standard of reasonableness.'" *Hill,* 106 S.Ct. at 369 (quoting *Strickland,* 104 S.Ct. at 2065).