928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pettis ADAMS, Petitioner-Appellant,
v.
Norris McMACKIN, Respondent-Appellee.
 No. 90-3795.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 N.D.Ohio, No. 89-02337; Ann Aldrich, J.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and DEMASCIO, Senior District Judge.*
 
 ORDER
 
 3
 Pettis Adams, an Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Adams pleaded guilty in January 1988 to aggravated robbery and was sentenced to 10-25 years imprisonment. He filed a direct appeal with the Ohio Court of Appeals, raising "all grounds raised in this petition." That court affirmed his conviction on March 30, 1989. The Ohio Supreme Court denied Adams leave to appeal on August 23, 1989 because it found that his appeal presented "no substantial constitutional question."
 
 
 5
 In his habeas petition, Adams raised one ground for relief: involuntary guilty plea, violating his right to due process of law. Adams contended that he was not advised that, by pleading guilty to aggravated robbery with violence and felony specifications, he was pleading guilty to a nonprobationable offense and was subject to actual incarceration.
 
 
 6
 The magistrate's report, filed on May 30, 1990, recommended that Adam's petition be denied for three reasons: (1) constitutional due process requires that the defendant be made aware of the sentence itself, but not necessarily of collateral matters, such as eligibility for probation or parole; (2) a grant of probation is always a matter for the court's discretion and, absent incorporation of a prosecutorial recommendation for probation into a plea bargain, no defendant could reasonably base a guilty plea upon a subjective expectation that probation, rather than incarceration, would follow conviction, and; (3) the transcript of the plea proceeding forecloses Adams's present assertion that his plea was other than voluntarily and intelligently tendered.
 
 
 7
 Following a de novo review and over Adams's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition in an order filed July 31, 1990. The court noted that the objections filed by Adams were merely a restatement of his brief, and that Adams cited no federal law to support his position.
 
 
 8
 On appeal, Adams continues to argue the merits of his claim, and contends that the district court "misperceived the thrust of the complaint." In addition, Adams moves for the appointment of counsel and his attorney has filed a brief on appeal.
 
 
 9
 Upon review, we affirm the district court's judgment because the record shows that Adams's trial was fundamentally fair. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 10
 A question of purely state law (such as whether the trial court violated a state procedural rule) rarely serves as a basis for habeas relief. Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Adams has failed to show that serious legal error exists or that he was prejudiced by the trial court's failure to personally advise him that he was ineligible for probation. Consequently, the district court correctly accepted the state court's determination that Ohio law was not violated by the trial court's omission in Adams's plea proceeding and that the omission failed to rise to a level justifying habeas relief.
 
 
 11
 Moreover, the record indicates that Adams's guilty plea represented a voluntary and intelligent choice among the alternative courses of action open to him. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). Constitutional due process requires only that the defendant be made aware of the sentence itself and direct consequences thereof, and does not require that he be informed of collateral matters, such as eligibility for probation or parole. See Smith v. McCotter, 786 F.2d 697, 700-01 (5th Cir.1986).
 
 
 12
 Finally, although counsel's appellate brief satisfies the bare minimal requirements for a legal brief, this panel notes that counsel continues to rely on cases that are easily distinguishable from the facts of this case, that counsel identifies no error by the district court, and that counsel advances a frivolous argument. The court shall therefore deny the motion for the appointment of counsel under the Criminal Justice Act.
 
 
 13
 Accordingly, the motion for counsel is denied and the district court's order dismissing Adams's petition for a writ of habeas corpus is hereby affirmed for the reasons stated herein and for those stated by the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation