IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10266
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATIVIDAD SILVA, JR.,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-131-G
- - - - - - - - - - -
January 6, 1998
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Natividad Silva, Jr., appeals the district court's denial of
his motion to vacate, set aside, or correct sentence, pursuant to
28 U.S.C. § 2255.  He argues that he received ineffective
assistance of counsel; that the Government unlawfully interfered
with his ability to interview witnesses; that Counts 4 and 6 of
the indictment were multiplicitous; that the indictment was
insufficient to put him on notice of the true nature of the

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

offense charged in Count 6; and that the evidence was insufficient to support his conviction under Count 6.

Silva's ineffective-assistance claims are without merit. He contends that counsel was ineffective in failing to provide the sentencing court with advance notice of Silva's request for an evidentiary hearing. Because counsel was nevertheless permitted to present evidence on Silva's behalf at sentencing, Silva has failed to demonstrate any prejudice resulting from the alleged deficiency, and his claim fails. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Silva's remaining ineffective-assistance claims, raised for the first time on this appeal, are subject at most to plain-error review. See United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997). All of his contentions involve factual questions which this court will not address for the first time on appeal and which, by their nature, do not rise to the level of obvious error. See Robertson v. Plano City of Texas, 70 F3d 21, 23 (5th Cir. 1995).

Silva's contention that the Government unlawfully interfered with his ability to interview witnesses is likewise unavailing. Even if it is assumed that his claim is a constitutional one so as to be cognizable in a § 2255 motion, Silva makes no connection between the claim and the voluntary nature of his guilty plea. Inasmuch as he fails to do so, the claim is waived by his guilty plea. See Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991).

Silva's sufficiency-of-the-evidence challenge is also waived by his guilty plea.  See United States v. Broome, 628 F.2d 403, 405 (5th Cir. 1980); see also Kelley v. Alabama, 636 F.2d 1082, 1083-84 (5th Cir. 1981).  Silva's challenges to the indictment are procedurally barred.  United States v. Shaid, 937 F.3d 228, 232 (5th Cir. 1991)(en banc).  Accordingly, the district court's judgment is AFFIRMED.