IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50375
Summary Calendar
_____

NOBIE JEANINE MONTGOMERY,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-67-JN
--------------------
February 14, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Nobie Jeanine Montgomery, Texas inmate #797772, appeals the district court's denial of her habeas application. The district court granted a certificate of appealability (COA) only on the issue of whether the evidence was sufficient to sustain Montgomery's conviction. On appeal, however, Montgomery has raised a claim concerning improper enhancement paragraphs in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

indictment based on prosecutorial vindictiveness in addition to her sufficiency of the evidence claim. Because neither the district court nor this court has granted a COA on the prosecutorial vindictiveness issue, our review of Montgomery's petition is limited to the sufficiency of the evidence issue. See United States v. Kimler, 150 F.3d 429, 430 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

Montgomery argues that the evidence was legally insufficient to support her conviction for possession of marijuana.

> Under AEDPA, a federal court may grant a prisoner's [habeas] petition only where the state court's "decision" was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Santellan v. Cockrell, 271 F.3d 190, 192 (5th Cir. 2001); see Williams v. Taylor, 529 U.S. 362, 409 (2000). The standard of review for an insufficient-evidence claim in a federal habeas proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The Texas appellate court employed the Jackson standard and concluded that the evidence was sufficient to establish the required affirmative link between Montgomery and the marijuana,

2

which her husband had discarded after exiting Montgomery's vehicle. Montgomery v. State, No. 03-97-00670-CR at 7-9 (Tex. App. Ct. Dec. 3, 1998) (unpublished); see Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981) (explaining the elements of possession of a controlled substance when the defendant is not in exclusive possession of the place where the substance is found). The Texas appellate court based this conclusion on the following pieces of trial evidence and inferences: 1) Montgomery owned and drove the vehicle in which the marijuana was discarded from; 2) the vehicle carried a strong odor of marijuana after the marijuana had been discarded; 3) the drug dog alerted on Montgomery's purse located on the passenger-side floor; 4) the packaged marijuana discarded from the vehicle weighed over two pound and therefore was large enough to support the inference that Montgomery knew of its existence; (5) Montgomery made two comments to the arresting police officer, asking if the officer could cut her a break and telling him that she did not know where her husband acquired the marijuana; and (6) the passenger who discarded the packaged marijuana was married to Montgomery.

Montgomery argues that, notwithstanding this evidence, the requisite affirmative link between Montgomery and the marijuana was not shown because: (1) the police did not see Montgomery exit the vehicle when her husband discarded the marijuana; (2) no one testified that they observed Montgomery physically possess the

3

marijuana package; (3) the package was not analyzed for fingerprints; (4) Montgomery was not observed as being under the influence of a controlled substance; (5) no contraband was found on her person or in her purse; and (6) there was no evidence indicating that Montgomery recognized the odor of marijuana.

We are not persuaded by Montgomery's argument. Although certain parts of the evidence could be taken to support Montgomery's claim of innocence, we note that the law does not require the State to negate every reasonable hypothesis except the defendant's guilt that is raised by the evidence. See Herrera v. Collins, 506 U.S. 390, 402 (1993). In sum, after carefully reviewing the record, we hold that the state appellate court's determination that a rational jury could have found that Montgomery possessed the marijuana was not an unreasonable application of the *Jackson* standard, a clearly established federal law. See Santellan, 271 F.3d at 196.

Montgomery also argues that the evidence was factually insufficient to support her conviction. Her factual-sufficiency claim is based on a rule of state law. See Clewis v. State, 922 S.W.2d 126, 131-34 (Tex. Crim. App. 1996) (en banc). The Jackson standard is not utilized in this type of review under Texas law. See id. at 134. Montgomery's habeas claim does not implicate the Constitution. A federal habeas court does not sit as a super state supreme court for review of issues decided by state courts on state

4

law grounds.  <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986).

Moreover, errors of state law "rise to constitutional dimension only if they so infused the trial with unfairness as to deny due process of law."  <u>Derden v. McNeel</u>, 978 F.2d 1453, 1458 (5th Cir. 1992) (en banc) (internal quotation and citations omitted), <u>cert. denied</u>, 508 U.S. 960 (1993).  Montgomery fails to demonstrate state-law error rising to this level.

The district court did not err in denying relief to Montgomery on her sufficiency claims.

AFFIRMED.