# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-20220

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO ARTURO FERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-64-3

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Pursuant to a certificate of appealability ("COA") granted by this court, Mario Arturo Fernandez, federal prisoner # 39078-179, appeals the denial of his 28 U.S.C. § 2255 motion in which he challenged his guilty plea conviction for being a felon in possession of a firearm and conspiring to sell or dispose of firearms to aliens, engage in a business of dealing firearms without a license, and falsify statements.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fernandez contends that his trial counsel rendered ineffective assistance by advising him he would be entitled to a sentence reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility if he pled guilty. Fernandez was ultimately denied the reduction because the presentence report ("PSR") recommended that he had obstructed justice. Fernandez further contends that his guilty plea was involuntary and that he would not have pleaded guilty but for counsel's advice that he would be entitled to a sentence reduction under §3E1.1.

A prisoner claiming counsel's ineffectiveness rendered his guilty plea involuntary must show: "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea turns "on whether [the] advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A defendant who seeks to prevail on a claim that his plea was involuntary due to counsel's representations concerning the sentence he would receive must show that his plea was motivated by an "actual promise." *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986) (emphasis omitted). To prevail on the theory of an actual promise, the petitioner must prove: (1) the exact terms of the promise; (2) exactly when, where, and by whom the promise was made; and (3) "the precise identity of an eyewitness to the promise." *Id.* (internal citations omitted).

Further, "[a] guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogation on other grounds recognized by United States v. Gammas*, 376 F.3d 433, 437-38

(5th Cir. 2004). Similarly, "a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed." *Id.* (emphasis in original). As long as the defendant understood the term of imprisonment to which he might possibly be sentenced, he was aware of the plea's consequences. *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

Counsel's affidavit does not support Fernandez' claim that he was promised a reduction under § 3E1.1. Rather, Fernandez' counsel informed him that he would qualify for such a reduction upon pleading guilty; counsel did not guarantee that Fernandez would definitely receive the reduction. This advice is not so deficient to fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 689-91 (1984). Additionally, Fernandez was informed of the maximum possible penalties at his rearraignment hearing, and he indicated an understanding. He informed the court that he understood the terms of the plea agreement and that no other promises had been made. Therefore, he fails to show that counsel was ineffective in advising him that he would qualify for a reduction under § 3E1.1 by pleading guilty.

To the extent that Fernandez contends the Government breached the plea agreement and made "unfulfillable" promises, thereby rendering his guilty plea involuntary, his challenge is outside the scope of the grant of the COA. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

AFFIRMED.