# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2020

Lyle W. Cayce
Clerk

No. 19-30738

Derrick B. Pierre,

*Plaintiff—Appellant*,

*versus*

Local Rule Policy Maker for the First Circuit Court of
Appeal,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-1094

Before Stewart, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Derrick B. Pierre, Louisiana prisoner # 315407, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. By moving to proceed IFP, Pierre is challenging the district court's certification that his

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Pierre's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

To state a claim under § 1983, a plaintiff must allege "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A violation of state law standing alone does not establish a violation of federal constitutional law. *See Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995). A complaint fails to state a claim on which relief may be granted when it does not "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (internal quotation marks and citation omitted).

The district court dismissed Pierre's complaint because the gravamen of it is that the local rules adopted by the Louisiana Court of Appeals for the First Circuit interfered with his rights to a complete appeal, due process, and equal protection by failing to require the automatic inclusion of multiple bill hearing transcripts in the appellate record. He therefore asked the district court to order the First Circuit to retroactively adopt and implement such a rule. However, as the district court noted, a federal court does "not sit as a super state supreme court" or "act as an arm" of the state appellate courts. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (internal quotation marks omitted) (habeas case). Furthermore, the Louisiana Supreme Court is the only court vested with supervisory jurisdiction over the other Louisiana state courts. *See* LA. CONST. art. 5, § 5(A). Thus, the district court appropriately determined that it could not order the First Circuit to adopt any rules, procedural or otherwise. Moreover, to the extent that Pierre ultimately seeks another opportunity to appeal his conviction and

sentence, any claims that challenge the fact or duration of his incarceration must be brought in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In light of the foregoing, Pierre has failed to show that he will present a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, Pierre's IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The district court's dismissal of Pierre's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Pierre is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.