# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 07-30043
Summary Calendar

FREDDIE NERO

Plaintiff-Appellant

v.

KATHLEEN BABINEAUX BLANCO, Governor; RICHARD STALDER, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; RONALD COX, Chairman, Pardon Board

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-658

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Freddie Nero, Louisiana prisoner # 75247, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal with prejudice of his pro se and IFP civil rights complaint. The district court dismissed the complaint for failure to state a claim. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 1915(e)(2)(B)(ii). We construe Nero's motion as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). A dismissal for failure to state a claim is reviewed de novo. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

Nero argues that changes to the Louisiana Constitution and the repeal of LSA-R.S. 15:571.7 violated ex post facto principles under the state and federal constitutions. Nero's claim is in the nature of habeas relief because he is challenging the duration of his imprisonment rather than the conditions of his prison life. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). The new amendment to the state constitution requiring the Board of Parole's approval prior to the governor's commutation of sentence does not alter the definition of a crime; it does not increase Nero's penalty in any way. California Dep't of Corrs, 514 U.S. 499, 506 n.3 (1995). Rather, the change in the state constitution constitutes a new procedural rule that does not violate any ex post facto principles. Likewise, the repeal of LSA-R.S. 15:571.7 does not constitute an ex post facto violation because the statute did not afford a constitutional right to a pardon or an early release from a valid sentence. Dunn v. Maggio, 712 F.2d 998, 1001-02 (5th Cir. 1993).

Accordingly, Nero has failed to present a nonfrivolous issue for appeal. His motion for IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; APPEAL DISMISSED.