IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-30046
Summary Calendar

ROBERT HOWARD

Plaintiff-Appellant

v.

KATHLEEN B BLANCO; RICHARD L STALDER; N BURL CAIN; RONALD
COX

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-612

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert Howard, Louisiana prisoner # 80968, seeks to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Howard alleged that he was convicted in 1968 as a 15 year old and was sentenced to life imprisonment. He averred that the Louisiana Board of Pardons (LBOP) recommended the commutation of his sentence in 2003, but the governor left office without taking action on his case. Howard alleged that the LBOP subsequently informed him that he must wait

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

five years to reapply for a pardon or commutation of his sentence, a waiting period established by LA. REV. STAT. ANN. § 15:574.2D, which was not in effect at the time of his conviction. Howard claimed that the application of laws enacted following his conviction violated the prohibitions on ex post facto laws of the Federal Constitution and the Louisiana Constitution.

The district court, without ordering service of the defendants, dismissed Howard's federal law claims under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief could be granted and declined to exercise supplemental jurisdiction over Howard's state law claim. The district court certified that Howard's appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Howard is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 n.21 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). This court may authorize Howard to proceed IFP on appeal if the appeal presents a nonfrivolous issue. 28 U.S.C. § 1915(a)(1); see Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988). If, as is the case here, the merits of the appeal are "inextricably intertwined with the certification decision," this court may determine both issues. See Baugh, 117 F.3d at 202.

A dismissal under § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." Woodard v. Andrus, 419 F.3d 348, 351 (5th Cir. 2005). The plaintiff is required to make sufficient factual allegations "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). The dismissal of an IFP complaint as frivolous typically is reviewed for abuse of discretion; however,

where the district court also finds that the complaint fails to state a claim, as here, it is reviewed de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Howard argues that his complaint states a claim for relief under § 1983 because the application of laws enacted after his conviction, including the waiting period established by § 15:574.2D, violate the Ex Post Facto Clause. He also contends that the district court erred in dismissing his action without conducting a Spears hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

In Dunn v. Maggio, 712 F.2d 998, 1001-02 (5th Cir. 1983), this court rejected a claim that the repeal of LA. REV. STAT. ANN. § 15:571.7, which contained provisions pertaining to the process by which a prisoner sentenced to life imprisonment may obtain a commutation of his sentence constituted a violation of the Ex Post Facto Clause. However, the court in Dunn did not resolve the issue central to the instant case, which is whether the application to Howard of current Louisiana law governing the pardon and sentence commutation process violates the Ex Post Facto Clause.

The Supreme Court, in Garner v. Jones, 529 U.S. 244, 255 (2000) and in California Dept. of Corr. v. Morales, 514 U.S. 499 (1995), has issued decisions addressing substantially similar claims challenging the application of changes in the timing of parole reconsideration hearings as violative of the Ex Post Facto Clause. Under the principles of the above cases, to state a claim on which relief could be granted Howard was required to plead facts that would show that, "as applied to his own sentence," the new laws governing the process for obtaining a pardon or commutation of his sentence "created a significant risk of increasing his punishment." See Garner, 529 U.S. at 255.

Considering the above authorities, relevant Louisiana statutory provisions, and the allegations of Howard's complaint, we have determined that Howard has stated a claim on which relief can be granted. Accordingly,

Howard's IFP motion is granted, the judgment of the district court is vacated, and the matter is remanded to the district court for further proceedings.

Given our disposition of this matter, which reflects no opinion on the merits of Howard's action, we have no occasion to decide whether the district court erred by dismissing Howard's complaint without conducting a Spears hearing.

IFP MOTION GRANTED; VACATED AND REMANDED.