IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-30246
Summary Calendar

DENNIS SEARS

Plaintiff-Appellant

V.

KATHLEEN BABINEAUX BLANCO, Governor; RICHARD L STALDER, Secretary (Department of Corrections); BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; RONALD COX, Chairman Pardon Board

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-694

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dennis Sears, Louisiana prisoner # 74681, appeals the district court's January 2007 dismissal of his 42 U.S.C. § 1983 complaint filed in September 2006. In his complaint, Sears alleged that he was convicted in 1971 as a 17 year old and was sentenced to life imprisonment. He averred that the Louisiana Board of Pardons (LBOP) recommended the commutation of his sentence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995, but the governor left office without taking action on his case.[1] Sears alleges that the waiting period to reapply for a pardon or commutation of his sentence and the necessary votes to obtain a pardon or commutation of his sentence that are now applicable to him are established by LA. REV. STAT. ANN. § 15:574.2(D), which was not in effect at the time of his conviction.[2] Sears claimed that the application of laws enacted following his conviction violated the prohibitions on ex post facto laws of the Federal Constitution and the Louisiana Constitution.

The district court, without ordering service on the defendants, dismissed Sears's federal law claims under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and declined to exercise supplemental jurisdiction over Sears's state law claim. The district court's dismissal of Sears's complaint as frivolous under section 1915(e)(2)(B)(i) is reviewed for abuse of discretion. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). Pursuant to this section, a complaint shall be dismissed as frivolous if at any time the court determines that the complaint does not have an arguable basis in law or fact. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997) (internal quotation omitted). Claims are factually frivolous when they are based on factual allegations that are delusional, fantastic, or clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

---

[1]According to Sears's complaint, the LBOP then informed him that he was to reapply to the LBOP one year after the date of the Governor's inaction on the LBOP's recommendation. Sears does not aver that he ever reapplied for relief with the LBOP.

[2]Sears's complaint does not state whether he is currently barred from applying for a commutation or pardon by section 15:574.2(D).

Sears argues that his complaint states a claim for relief under section 1983 because the application of laws enacted after his conviction, including the waiting period established by section 15:574.2(D), violate the Ex Post Facto Clause. He also contends that the district court erred in dismissing his action without conducting a Spears hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

In Dunn v. Maggio, 712 F.2d 998, 1001-02 (5th Cir. 1983), this court rejected a claim that the repeal of LA. REV. STAT. ANN. § 15:571.7, which contained provisions pertaining to the process by which a prisoner sentenced to life imprisonment may obtain a commutation of his sentence, constituted a violation of the Ex Post Facto Clause. However, the court in Dunn did not resolve the issue central to the instant case, which is whether the application to Sears of current Louisiana law governing the pardon and sentence commutation process violates the Ex Post Facto Clause.

The Supreme Court, in Garner v. Jones, 529 U.S. 244 (2000) and in California Dept. of Corr. v. Morales, 514 U.S. 499 (1995), addressed claims challenging whether changes in the timing of parole reconsideration hearings violated he Ex Post Facto Clause.

Under the principles of the above cases, Sears can assert a claim under the Ex Post Facto Clause if he can show that, "as applied to his own sentence," the new laws governing the process for obtaining a pardon or commutation of his sentence "created a significant risk of increasing his punishment." See Garner, 529 U.S. at 255. Construed liberally, Sears's complaint avers that the changes to Louisiana's pardon and commutation process have limited the frequency with which he can apply for a commutation or pardon. Arguably, this could potentially create a significant risk of increasing the length of his prison term to be actually served.

Consequently, we hold that it cannot be adequately determined merely from the face of Sears's complaint whether his section 1983 claim has no

arguable basis in law and fact and, therefore, the district court should not have dismissed the action as frivolous at this stage of the proceedings. Accordingly, the judgment of the district court is vacated, and the matter is remanded to the district court for further proceedings to determine whether Louisiana's current pardon and commutation system creates a significant risk of increasing Sears's punishment. This should include a determination of whether Sears is currently barred by section 15:574.2(D) from having his case reviewed by the LBOP to an extent or in circumstances that relief is not available to him that would have been available to him when his offense was committed and that at as a result there is created a significant risk of increasing the punishment he actually will suffer had the previous system remained in effect.[3]

VACATED AND REMANDED.

---

[3]A Spears hearing or other similar procedure would doubtless be appropriate to determine what particular facts relevant in these connections are claimed by Sears.