IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30367
Summary Calendar

MELVIN MASON

Plaintiff-Appellant

v.

KATHLEEN BABINEAUX BLANCO, Governor; RICHARD L STALDER, Secretary, Louisiana Department of Public Safety and Corrections; N BURL CAIN, Warden of the Louisiana State Penitentiary; RONALD COX, Chairman of Parole Board

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-660

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Melvin Mason, Louisiana prisoner # 78559, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. In his complaint, Mason alleged that he was convicted in 1973 of aggravated rape and, as of 2004, had served 33 years in prison. He asserted that he has received two favorable recommendations for commutation of his sentence. Mason alleged that he applied for a commutation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his life sentence in 2004, but his request was denied and the Louisiana Board of Pardons (LBOP) informed him that he must wait six years to reapply. He contended that this waiting period and new procedures for obtaining commutation of a sentence were established by LA. REV. STAT. ANN. §§ 15:572.1 and 15:572.4D, which were not in effect at the time of his conviction. Mason claimed that the application of laws enacted following his conviction violated the prohibitions on ex post facto laws of the Federal Constitution and the Louisiana Constitution.

The district court, without ordering service of the defendants, dismissed Mason's federal claims under 28 U.S.C. § 1915(e) as frivolous and declined to exercise jurisdiction over Mason's state law claim. The district court's dismissal of a complaint as frivolous is reviewed for abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A complaint is legally frivolous when it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mason argues that his complaint is not frivolous because the application of laws enacted after his conviction, including the waiting period established by § 15:572.4D, violates the Ex Post Facto Clause. He also contends that the district court erred in dismissing his action without conducting a Spears hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

In Dunn v. Maggio, 712 F.2d 998, 1001-02 (5th Cir. 1983), this court rejected a claim that the repeal of LA. REV. STAT. ANN. § 15:571.7, which contained provisions pertaining to the process by which a prisoner sentenced to life imprisonment may obtain a commutation of his sentence, constituted a violation of the Ex Post Facto Clause. However, the court in Dunn did not resolve the issue central to the instant case, which is whether the application to Mason of current Louisiana law governing the pardon and sentence commutation process violates the Ex Post Facto Clause.

The Supreme Court, in Garner v. Jones, 529 U.S. 244, 255 (2000), and in California Dept. of Corr. v. Morales, 514 U.S. 499 (1995), has issued decisions addressing substantially similar claims challenging the application of changes in the timing of parole reconsideration hearings as violative of the Ex Post Facto Clause. Under the principles of the above cases, to state a nonfrivolous claim, Mason was required to plead facts that would show that, "as applied to his own sentence," the new laws governing the process for obtaining a pardon or commutation of his sentence "created a significant risk of increasing his punishment." See Garner, 529 U.S. at 255.

Considering the above authorities, relevant Louisiana statutory provisions, and the allegations of Mason's complaint, we have determined that Mason's complaint is not frivolous. See Berry, 192 F.3d at 507. Accordingly, the judgment of the district court is vacated, and the matter is remanded to the district court for further proceedings.

Given our disposition of this matter, which reflects no opinion on the merits of Mason's action, we have no occasion to decide whether the district court erred by dismissing Mason's complaint without conducting a Spears hearing.

VACATED AND REMANDED.