IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-30397
Summary Calendar

PRENTICE ROBINSON

Plaintiff-Appellant

v.

KATHLEEN BABINEAUX BLANCO, Governor; RICHARD STALDER, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; BURL CAIN, WARDEN OF THE LOUISIANA STATE PENITENTIARY; RONALD COX, Chairman of Parole Board

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-718

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Prentice Robinson, Louisiana prisoner # 75065, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the defendants as frivolous and for failure to state a claim on which relief can be granted. In his complaint, Robinson alleged that he was convicted around 1972 of aggravated rape and, as of 1996, had served 24 years in prison. He asserted that although he received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a favorable recommendation for commutation of his sentence in 1996, the Governor left office before taking action on the recommendation, and the Louisiana Board of Pardons (LBOP) informed him that he needed to wait five additional years to reapply. He contended that this waiting period and the new procedures for obtaining commutation of his sentence were established by the Louisiana Constitution of 1974 and "new laws," including LA. REV. STAT. ANN. §§ 15:572.1 and 15:572.4(D), which were not in effect at the time of his conviction. Robinson claimed that the application of laws enacted following his conviction to his sentence violated the prohibitions on ex post facto laws of the Federal Constitution and the Louisiana Constitution. The district court, without ordering service of the defendants, dismissed Robinson's federal claims under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim and declined to exercise jurisdiction over Robinson's state law claim. The district court also certified that Robinson's appeal was not taken in good faith.

Robinson argues that the district court erred in dismissing his claims as frivolous and for failure to state a claim because the application of laws enacted after his conviction, including the waiting period established by § 15:572.4D, to his sentence violates the Ex Post Facto Clause. His motion for leave to proceed in forma pauperis (IFP) on appeal has been carried with the case pursuant to this court's prior order.

Robinson's IFP motion is construed as a challenge to the district court's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). This court may authorize Robinson to proceed IFP on appeal if the appeal is not frivolous or malicious. See § 1915(a)(1); Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.1988).

A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). The dismissal of an IFP complaint as frivolous typically is reviewed for

abuse of discretion; however, where the district court also finds that the complaint fails to state a claim, as here, it is reviewed de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

In Dunn v. Maggio, 712 F.2d 998, 1001-02 (5th Cir. 1983), this court rejected a claim that the repeal of LA. REV. STAT. ANN. § 15:571.7, which contained provisions pertaining to the process by which a prisoner sentenced to life imprisonment may obtain a commutation of his sentence, constituted a violation of the Ex Post Facto Clause. However, the court in Dunn did not resolve the issue central to the instant case, which is whether the application to Robinson of current Louisiana law governing the pardon and sentence commutation process violates the Ex Post Facto Clause.

The Supreme Court, in Garner v. Jones, 529 U.S. 244 (2000), and in California Dept. of Corr. v. Morales, 514 U.S. 499 (1995), has issued decisions addressing substantially similar claims challenging the application of changes in the timing of parole reconsideration hearings as violative of the Ex Post Facto Clause. Under the principles of the above cases, to state a nonfrivolous claim, Robinson was required to plead facts that would show that, "as applied to his own sentence," the new laws governing the process for obtaining a pardon or commutation of his sentence "created a significant risk of increasing his punishment." Garner, 529 U.S. at 255.

Considering the above authorities, relevant Louisiana statutory provisions, and the allegations of Robinson's complaint, we have determined that Robinson's complaint is not frivolous and does not fail to state a claim. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Geiger, 404 F.3d at 373. Accordingly, Robinson's IFP motion is granted, the judgment of the district court is vacated, and the matter is remanded to the district court for further proceedings.

IFP MOTION GRANTED; VACATED AND REMANDED.